1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| CLIENT SOLUTIONS ARCHITECTS, LLC; and THE HARTFORD, | Case No.: 19cv123-MMA (MSB) |
|---|---|
| Plaintiffs, | **ORDER GRANTING DEFENDANT UNITED STATES NAVY'S UNOPPOSED MOTION TO DISMISS** |
| v. | [Doc. No. 7] |
| UNITED STATES OF AMERICA; and UNITED STATES NAVY, | |
| Defendants. | |

Plaintiffs Client Solutions Architects, LLC and The Hartford (collectively, "Plaintiffs") commenced this action under the Federal Tort Claims Act ("FTCA") against the United States of America and United States Navy (the "Navy") on January 17, 2019. *See* Doc. No. 1 (hereinafter "Compl."). The Navy filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming the Court lacks subject matter over Plaintiff's FTCA claim against it. *See* Doc. No. 7. The Court set the motion for hearing on June 3, 2019, meaning Plaintiffs were required to file a response in opposition on or before May 20, 2019. *See* CivLR 7.1.e.2 (stating that "each party opposing a motion . . . must file that opposition or statement of non-opposition . . . not later than fourteen (14) *calendar* days prior to the noticed hearing.") (emphasis in original). Plaintiffs are represented by counsel and were properly served with the Navy's motion. To date,

Plaintiffs have not filed an opposition or statement of non-opposition to the Navy's motion to dismiss. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 8.

The Ninth Circuit has held that a district court may grant an unopposed motion to dismiss where a local rule permits, but does not require, it to do so. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). Here, Civil Local Rule 7.1.f.3.c provides, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting the Navy's motion to dismiss based on Plaintiffs' failure to oppose, and it chooses to do so.

Generally, public policy favors disposition of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12 motion. Thus, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).

Accordingly, the Court **GRANTS** the Navy's unopposed motion to dismiss and **DISMISSES** the Navy from this action without prejudice. The Clerk of Court is instructed to terminate this action as to the United States Navy.

**IT IS SO ORDERED.**

Dated: May 30, 2019

HON. MICHAEL M. ANELLO
United States District Judge