| | |
|---|---|
| CLIENT SOLUTIONS ARCHITECTS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 19cv123-MMA(MSB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY AND VACATING REMAINING DATES PENDING RESOLUTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**<br>**[ECF NO. 27]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On January 17, 2020, Defendant United States of America filed a "Motion to Stay Proceedings Pending Resolution of United States' Motion for Summary Judgment." (ECF No. 27.) Defendant asks the Court to stay discovery and further proceedings in this case pending the District Judge's ruling on the Motion for Summary Judgment. (Id. at 1.) In support, Defendant states that the stay is warranted for the following reasons: (1) its Motion for Summary Judgment is "potentially dispositive of the entire case"; (2) Plaintiffs do not require any discovery to oppose the motion; (3) the Motion for Summary Judgment is "premised upon undisputed facts and will be decided solely as a matter of law"; and (4) staying discovery will avoid "costly and time-consuming expert discovery, which would need to begin immediately pursuant to the Court's Scheduling

Order." (Id. at 1-2.) Plaintiffs did not file an opposition to Defendant's motion to stay. (See Docket.)

District courts have "broad discretion to stay discovery in a case while a dispositive motion is pending." Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 672 (S.D. Cal. 2001) (citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280 (9th Cir. 1977)); see also Hachette Distrib., Inc. v. Hudson Cty. News Co., Inc., 136 F.R.D. 356 (E.D.N.Y.1991) ("[T]he federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions[.]"). This discretion derives from the district court's "power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). "A case by case analysis is required, since the determination will necessarily be fact specific and will depend upon the particular circumstances and posture of the case at issue." Orchid Biosciences, Inc., 198 F.R.D. at 672.

In this case, Plaintiffs Client Solutions Architects, LLC ("CSA") and The Hartford brought a subrogation claim against Defendant United States pursuant to the Federal Tort Claims Act ("FTCA"). (See Compl., ECF No. 1.) Plaintiffs brought the suit in place of Michelle Gibson, a former CSA employee, alleging that Gibson contracted a mold infection due to exposure to environmental conditions while working as a contractor employee at the U.S. Navy's Space and Naval Warfare Systems Command. (See id.) On August 1, 2019, the Court conducted an Early Neutral Evaluation Conference and Case Management Conference, and issued a "Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings" ("Scheduling Order"). (See ECF Nos. 21 & 22.) On January 15, 2020, Defendant United States of America filed a "Motion for Summary Judgment." (ECF No. 25.)

As discussed above, Plaintiffs have not opposed Defendant's motion to stay. Further, the Court notes that Defendant moves for summary judgment arguing that Plaintiffs' suit is barred by the applicable two-year statute of limitations under the FTCA. (See id.) As such, it does not appear that Plaintiffs would require additional discovery to oppose Defendant's motion for summary judgment. Further, because the District

Judge's ruling on the pending Motion for Summary Judgement may dispose of the entire action, at this stage of the litigation, remaining discovery concerning the merits of the case, including expert discovery, would be burdensome and costly.

Accordingly, in light of the facts and procedural posture of this case, the Court finds good cause to stay discovery pending the District Judge's ruling on the Motion for Summary Judgment and **GRANTS** Defendant's unopposed motion to stay discovery [ECF No. 27]. Having consulted with the chambers of District Judge Anello, the Court **VACATES** all remaining dates in the Scheduling Order. (See ECF No. 22.) If the case is not dismissed, the parties are **ORDERED** to contact the chambers of Judge Berg **within three (3) business days** of the District Judge's ruling on the pending Motion for Summary Judgment [ECF No. 25] to reset dates.

**IT IS SO ORDERED.**

Dated: January 22, 2020

Honorable Michael S. Berg
United States Magistrate Judge