# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIENT SOLUTIONS ARCHITECTS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 19cv123-MMA (MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO ENTER STIPULATED SCHEDULING ORDER [ECF NO. 35]**<br><br>**AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

On August 1, 2019, the Court issued a "Scheduling Order Regulating Discovery and Other Pre-trial Procedures" ("Scheduling Order"). (ECF No. 22.) On January 22, 2020, the Court granted Defendant's motion to stay discovery and vacated remaining dates in its Scheduling Order pending resolution of Defendant's motion for summary judgement. (ECF No. 28.) On March 11, 2020, District Jude Anello issued an order denying Defendant's motion for summary judgement. (ECF No. 34.) On March 13,

2020, Plaintiff's counsel contacted Judge Berg's chambers to schedule a Case Management Conference. This Court directed counsel to meet and confer, and submit an Amended Joint Discovery Plan. On March 24, 2020, the parties filed a document entitled "Stipulated Scheduling Order," which the Court interprets as a motion to enter the parties' Stipulated Scheduling Order.

Having considered the parties' joint motion and finding good cause, the Court **GRANTS IN PART** the motion. Accordingly, the Court issues the following Amended Scheduling Order Regulating Discovery and Other Pre-trial Procedures:

1. A telephonic attorneys-only Case Management Conference is set for **June 24, 2020**, at **9:00 a.m.** Plaintiff's counsel is to arrange and initiate the conference call. The telephone number for Judge Berg's chambers is (619) 557-6632.

2. All fact discovery shall be completed by all parties on or before **October 28, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. All interrogatories, requests for admission, and document production requests must be served by **August 28, 2020**.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions must be filed within **30 days** of the event giving rise to the dispute. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the date of service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts. If a party fails to provide a discovery response, the event giving rise to the discovery dispute is the date response was due.

The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Michael S. Berg's Civil Chambers Rules, which are posted on the Court's website.

**A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3. The parties must designate their respective experts in writing by **July 22, 2020**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **August 5, 2020**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

4. By **September 9, 2020**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **September 23, 2020**.

6. All expert discovery must be completed by all parties by **October 28, 2020**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

7. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **November 25, 2020**.[1] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

9. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 8, supra, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

10. A Mandatory Settlement Conference shall be conducted on **October 19, 2020**, at **9:30 a.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

   a. **Personal Appearance of Parties Required**: All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

---

[1] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

b. **Full Settlement Authority Required**: A party or party representative with full settlement authority[2] must be present at the conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

c. **Confidential Settlement Statements Required**: On or before **October 13, 2020**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief. The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or

---

[2] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer. General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer. The settlement statement should be submitted confidentially and need not be shared with other parties.

        d.    **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**. **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

11. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

12. The dates and times set forth herein will not be modified except for good cause shown.

///
///
///
///
///
///

6

13. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: March 25, 2020

Honorable Michael S. Berg
United States Magistrate Judge